STATE OF NORTH CAROLINA v. DARRELL SCOTT MILLER

No. 7626SC823

(Filed 6 April 1977)

1. Criminal Law § 102— district attorney's jury argument — order of argument — no error

   Defendant was not prejudiced by the district attorney's explanation to the jury that "the defense has the last argument when the defense does not offer evidence," particularly in view of the fact that the court, at defendant's request, instructed the jury upon how it should consider defendant's election to offer no evidence.

2. Criminal Law §§ 145, 166— unnecessary matter in brief — costs taxed against public defender

   The public defender is taxed with the costs of printing the unnecessary narration of the evidence in the brief.

APPEAL by defendant from *Tillery, Judge.* Judgment entered 3 June 1976 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 16 March 1977.

Defendant was indicted, tried, and convicted of felonious larceny.

The State offered the following evidence: On 12 December 1975 defendant removed two Homelite chain saws from the display rack in J. C. Penney's Eastland Mall store. The saws were still in their boxes. Defendant walked out of the store without paying for the saws, placed them in the trunk of his car, and drove away. Two employees of the store observed de-

State v. Miller

fendant as he walked out with the saws. They followed him to the parking lot, observed his features, and recorded his auto license number. The saws were worth over $200.00. On 17 February 1976 defendant signed a written confession of the theft.

Defendant offered no evidence.

*Attorney General Edmisten, by Associate Attorney Jerry B. Fruitt, for the State.*

*Michael S. Scofield, Public Defender, for the defendant.*

BROCK, Chief Judge.

[1] Defendant presents one assignment of error for review. He contends that the trial judge committed reversible error in the denial of defendant's motion for mistrial made during the district attorney's argument to the jury.

The district attorney explained to the jury that "the defense has the last argument when the defense does not offer evidence." The trial judge denied defendant's motion for a mistrial and, at defendant's request, instructed the jury upon how it should consider defendant's election to offer no evidence.

When the judge's curative instructions are considered in the light of the overwhelming evidence of defendant's guilt, we cannot see where the rather innocuous remark to the jury by the district attorney could have affected the outcome of the case. If the remark should be considered error, we hold that it was not prejudicial beyond a reasonable doubt.

We fail to perceive why the district attorney felt it necessary to explain the order of arguments to the jury, and we suggest that it would be a better practice not to do so. However, if it is felt that an explanation is necessary of why the district attorney is addressing the jury first, a simple statement to the effect that "I am addressing you first because in this case the defense has the last argument to the jury" would be sufficient.

We find no prejudicial error in the trial proceedings.

[2] The State's evidence was fully narrated in the record on appeal. This was sufficient. However, the public defender fully repeated the narration of the evidence in his brief. This was absolutely unnecessary. There was no assignment of error to the testimony or exhibits, and therefore no need to discuss even

a part of the evidence in the brief, much less the entire evidence. The only argument in the brief is addressed to the district attorney's remark to the jury during argument for the State.

The public defender has a great responsibility, and his office and expenses are supplied by public funds. However, his position does not grant him a license to become a spendthrift with tax dollars. The absolutely unnecessary repetition of the narration of the evidence in defendant's brief consumes ten pages. The cost of printing these unnecessary pages of defendant's brief is $18.50, for which the taxpayers would otherwise be charged. The Public Defender, Twenty-Sixth Judicial District, Michael S. Scofield, will be taxed personally with the unnecessary printing costs.

No error.

Judges PARKER and ARNOLD concur.